# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**MICHAEL D. CORMIER**                  **CASE NO. 6:20-CV-00860 SEC P**

**VERSUS**                                            **JUDGE MICHAEL J. JUNEAU**

**UNKNOWN DEFENDANT**            **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se petitioner Michael D. Cormier, a prisoner in the custody of Louisiana's Department of Corrections, filed an original petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, on July 6, 2020 (rec. doc. 1) and an amended petition on August 14, 2020 (rec. doc. 4). This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Background*

Petitioner pled guilty to one count of Indecent Behavior with a Juvenile on June 18, 2015 and was sentenced to a term of 17 years imprisonment in the 16th Judicial Court, Parish of St. Martin. Rec. Doc. 4, p. 1. He did not file a direct appeal. *Id*. at p. 2, ¶ 8.

Petitioner filed an Application for Post-Conviction Relief in the trial court on or about July 24, 2018. Rec. Doc. 5, p. 1-12. The trial court denied his claims on an unknown date. According to his petition, he did not seek review in the higher courts. Rec. Doc. 4, p. 2, § 9(g). However, he did seek review of some unknown issues in the Louisiana Third Circuit Court of Appeals and the Louisiana Supreme Court. *See State ex. rel. Cormier v. Cormier*, 229 So. 3d 466 (La. App. 3 Cir., Nov. 13, 2017); *State v. Cormier*, 2019 La. App. Unpub. LEXIS 290 (La.App. 3 Cir., Nov. 6, 2019) (rehearing denied); *State v. Cormier*, 2020 La. LEXIS 1154 (La., June 12, 2020) (writ denied).

Cormier filed the instant petition in this court on July 6, 2020. Rec. Doc. 1. Here he raises claims of ineffective assistance of counsel.

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons such as petitioner, who are in custody pursuant

to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not file a direct appeal of his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following his June 18, 2015 conviction, or, on or about

---

[1] Nothing in the record before the court suggests that any State created impediments preventing the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

-3-

July 18, 2015.[2]  Under §2244(d)(1) petitioner had one year from that date, or until July 18, 2016, to file his federal habeas petition.

Petitioner filed his federal habeas petition on July 6, 2020.  He was unable to toll the AEDPA's limitations period because by the time he launched his first collateral attack on his conviction on July 24, 2018, the limitations period had already expired and could not thereafter be revived. *See Villegas,* 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

## 2. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999). Here, petitioner has neither pled, nor alleged any circumstances to qualify for, equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2).

A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 25th day of September, 2020.

**Carol B. Whitehurst**
**United States Magistrate Judge**